# EXHIBIT 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY GENE BOLLEA professionally known as HULK HOGAN,

    Plaintiff,

v.

GAWKER MEDIA, LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT, BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT aka GAWKER MEDIA

    Defendants.

Case No. 8:12-cv-2348

### TEMPORARY RESTRAINING ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion for Temporary Restraining Order. The Court, has reviewed the Complaint, the Motion, and the Declaration of Terry Gene Bollea, and is otherwise fully advised in the premises. It is, therefore, **ORDERED** that a Temporary Restraining Order is hereby granted as follows:

1.    Against Defendants, and all persons acting on their behalf or under their control, from any and all activity that would cause or have the effect of distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or

1

otherwise using, exploiting or attempting to exploit, any video of Plaintiff engaged in sexual relations ("Video") or any portions or content thereof;

2. Defendants shall turn over to Plaintiff all information pertaining to the Video and excerpts thereof used by Defendants, including, without limitation, all activity by all persons and entities related to the creation, storage, transportation, transfer, acquisition, editing, distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video or any portions or content thereof, or any copies thereof, including, without limitation, in any and all formats and media, including all electronic and physical media;

3. Defendants shall deliver to Plaintiff all copies of the Video, and all portions, excerpts, and content thereof, including without limitation still images therefrom, in all formats and all forms of media, including electronic and physical media, within Defendants' possession, custody or control, including, without limitation, any and all storage devices (such as CDs, DVDs, hard drives, flash drives, tapes, and disks) containing same; and

4. A constructive trust is placed upon Defendants and all persons acting on their behalf or under their direction or control, as to all revenues and profits received by such individuals as a result of or in any way connected with the distribution, dissemination, publication, display, posting for view or access on or through the Internet or any other manner or media outlet, broadcast, transfer, license, sale, offer to sell or license, or other use, exploitation or attempt to exploit the Video, to be held for the benefit of Plaintiff.

5. Plaintiff is not required to post a bond.

Further, the Defendants are required to Show Cause why this TRO should not be made into a Preliminary Injunction and to appear before the undersigned at the U.S. Courthouse in _____ Florida on the _____ day of _____, 2012 at _____ o'clock.

**DONE and ORDERED** at Tampa, Hillsborough County, Florida, this _____ day of October, 2012,

_____<br>District Court Judge

*Conformed copies to:*
All Counsel of Record