# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

    Plaintiff,

v.

GAWKER MEDIA, LLC aka GAWKER
MEDIA; GAWKER MEDIA GROUP, INC.
aka GAWKER MEDIA; GAWKER
ENTERTAINMENT, LLC; GAWKER
TECHNOLOGY, LLC; GAWKER SALES,
LLC; NICK DENTON; A.J. DAULERIO;
KATE BENNERT, BLOGWIRE HUNGARY
SZELLEMI ALKOTAST HASZNOSITO
KFT aka GAWKER MEDIA

    Defendants.

Case No. 8:12-cv-2348

## PRELIMINARY INJUNCTION

**THIS CAUSE** came before the Court on Plaintiff's Motion for Preliminary Injunction. The Court, has reviewed the Complaint, the Motion, the Declaration of Terry Gene Bollea, the Defendants' Opposition to the Motion, and is otherwise fully advised in the premises. It is, therefore, **ORDERED** that a Preliminary Injunction is hereby granted as follows:

    1.    Against Defendants, and all persons acting on their behalf or under their control, from any and all activity that would cause or have the effect of distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or

otherwise using, exploiting or attempting to exploit, any video of Plaintiff engaged in sexual relations ("Video") or any portions or content thereof;

    2.    Defendants shall turn over to Plaintiff all information pertaining to the Video and excerpts thereof used by Defendants, including, without limitation, all activity by all persons and entities related to the creation, storage, transportation, transfer, acquisition, editing, distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video or any portions or content thereof, or any copies thereof, including, without limitation, in any and all formats and media, including all electronic and physical media;

    3.    Defendants shall deliver to Plaintiff all copies of the Video, and all portions, excerpts, and content thereof, including without limitation still images therefrom, in all formats and all forms of media, including electronic and physical media, within Defendants' possession, custody or control, including, without limitation, any and all storage devices (such as CDs, DVDs, hard drives, flash drives, tapes, and disks) containing same; and

    4.    A constructive trust is placed upon Defendants and all persons acting on their behalf or under their direction or control, as to all revenues and profits received by such individuals as a result of or in any way connected with the distribution, dissemination, publication, display, posting for view or access on or through the Internet or any other manner or media outlet, broadcast, transfer, license, sale, offer to sell or license, or other use, exploitation or attempt to exploit the Video, to be held for the benefit of Plaintiff.

5. Plaintiff is not required to post a bond. It is so ORDERED.

**DONE and ORDERED** at Tampa, Hillsborough County, Florida, this _____ day of October, 2012,

_____
District Court Judge

*Conformed copies to:*
All Counsel of Record