UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TERRY GENE BOLLEA professionally known as HULK HOGAN,<br><br>Plaintiff,<br><br>v.<br><br>GAWKER MEDIA, LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT; BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT,<br><br>Defendants. | Case No. 8:12-cv-2348-T-27TBM |

## UNOPPOSED MOTION TO CONTINUE HEARING ON MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM, AND TO EXTEND THE DEADLINES FOR DEFENDANTS TO RESPOND TO THE MOTION AND THE COMPLAINT

Plaintiff Terry Gene Bollea ("Plaintiff"), by and through his undersigned counsel, hereby moves the Court to:

a. Continue the hearing on Plaintiff's Motion for Preliminary Injunction set for November 8, 2012, to **November 13, 2012**, in order to accommodate the schedules of Plaintiff's lead litigation counsel as well as his lead local counsel;

1142081.1                                                1

b.  Grant Plaintiff leave to file a Supplemental Memorandum of Law in support of Plaintiff's Motion for Preliminary Injunction ("Supplemental Memorandum");

c.  Continue by five days Defendants' deadline to file their opposition to the Motion for Preliminary Injunction, currently this Friday, November 2, 2012, in light of Plaintiff's requests to file a Supplemental Memorandum and to postpone the hearing on the Motion; and

d.  Continue Defendants' deadline to respond to Plaintiff's Complaint.

**Counsel for Defendants have indicated that they do not oppose this Motion.**

Good cause exists for the instant unopposed Motion, based on the following grounds:

1.  The hearing on Plaintiff's Motion for Preliminary Injunction is currently scheduled for November 8, 2012. Lead counsel for Plaintiff, Charles J. Harder, is scheduled to attend a hearing in Boston, Massachusetts in another action on that same date and therefore is unable to attend the hearing on Plaintiff's Motion for Preliminary Injunction absent a continuance. Moreover, Plaintiff's lead local counsel, Kenneth Turkel, is scheduled to be in Chicago on November 8, 2012, and is therefore unable to attend the hearing absent a continuance. Both Mr. Harder and Mr. Turkel, as well as Defendants' counsel, are all available for hearing on **November 13, 2012**. Defendants' counsel has advised that Defendants do not oppose continuing the hearing until November 13, 2012 to accommodate the schedule of Plaintiff's counsel.

2.  Plaintiff filed the Complaint in this action, the motion for temporary restraining order, and the motion for preliminary injunction, on the same date (October 15, 2012) on an emergency basis. Since the filing of those papers, Plaintiff's counsel has identified additional legal authority that will assist the Court in ruling on Plaintiff's Motion

for Preliminary Injunction. Plaintiff therefore wishes to file with the Court a Supplemental Memorandum in support of the Motion for Preliminary Injunction. The total pages of both the original Motion (10 pages), and the Supplemental Memorandum (15 pages), will not exceed 25 pages – the maximum page limit for a single memorandum filed in support of a motion for preliminary injunction.

      3. Plaintiff's counsel has consulted with Defendants' counsel to determine whether they would object to Plaintiff filing a Supplemental Memorandum. Defendants' counsel has stated that Defendants do not believe that a Supplemental Memorandum is warranted; however, they will not oppose the request of Plaintiff for leave of Court to file one, as stated in item #2, above, provided that it is filed herewith and served 14 days prior to the new hearing date (i.e., by October 30, 2012), that the deadline for Defendants to file a combined opposition to Plaintiff's initial memorandum and his Supplemental Memorandum be extended by five days until November 7, 2012, and that Defendants be afforded five extra pages (for a total of 25 pages) in that combined opposition, should it be necessary, to respond to Plaintiff's two briefs, all of which is agreeable to Plaintiff.

      4. Separately, Defendants have requested an extension of time within which to answer or otherwise respond to the Complaint on behalf of the Defendants, through and including November 30, 2012. Plaintiff is agreeable to this request as well.

**WHEREFORE**, Plaintiff Terry Gene Bollea hereby moves the Court to: (a) continue the hearing on Plaintiff's Motion for Preliminary Injunction by five days, to November 13, 2012; (b) grant Plaintiff's request for leave to file a maximum 15-page Supplemental Memorandum in support of the Motion for Preliminary Injunction, a copy of which is attached hereto as Exhibit A; (c) extend by five days Defendants' deadline to

oppose Plaintiff's Motion for Preliminary Injunction, until November 7, 2012, and allow Defendants' opposition brief to be a maximum 25-pages; (d) extend Defendants' deadline to answer or otherwise respond to Plaintiff's Complaint through and including November 30, 2012, and (e) to grant any and all other and further relief as this Court deems appropriate under the circumstances.

## MEMORANDUM OF LAW

A District Court has wide discretion to enter orders to control its own docket and bring an action to an efficient resolution. *See Bowers v. Northern Telecom, Inc.*, 905 F.Supp. 1004, 1008 (N.D. Fla. 1995) (citing *Pacific Indem. Co. v. Broward County*, 465 F.2d 99 (5th Cir. 1972) ("Trial courts have broad discretion to govern the course of pre-trial matters . . . .")). In this regard, "[t]he grant or denial of a stay of proceedings is within the Court's sound discretion." *Georgia Assoc. of Educators v. Harris*, 403 F. Supp. 961, 964 (N.D. Ga. 1975) (citing *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973)). Even where pre-trial orders have been entered, a court has broad discretion to modify such orders and "there is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." *See United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994) (citing *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)).

It is in the interest of fairness and justice that Plaintiff requests a short continuance of the hearing on Plaintiff's Motion for Preliminary Injunction. Plaintiff's lead counsel and lead local counsel both are scheduled to be out of state (in Boston and Chicago, respectively) on November 8, 2012 and therefore will be unable to attend the hearing absent a continuance.

Given the importance and sensitivity of the issues to be addressed at the hearing, Plaintiff would like the opportunity to be represented by the counsel of his choosing. As a result, Plaintiff requests that the hearing be continued by five (5) days to **November 13, 2012**, when Plaintiff's lead counsel and lead local counsel both are available to attend and represent Plaintiff's interests. Further, because both Plaintiff's and Defendants' counsel are available and agreeable to a hearing on November 13, 2012, there is no concern of further delay as there will be no subsequent need to move the hearing date.

Plaintiff also seeks leave to file a Supplemental Memorandum in order to provide the Court with additional legal authorities, and related arguments, supporting the basis for the Motion for Preliminary Injunction. The facts of Plaintiff's underlying Motion for Preliminary Injunction have not changed. Plaintiff simply has identified additional legal authority that will assist the Court in deciding the Motion. Specifically, Plaintiff's counsel has recently identified case law addressing violations of a right to privacy and publicity in circumstances remarkably similar to those in the present matter. Plaintiff would like the opportunity to present this legal authority, and related argument, to the Court to help inform the Court's decision. Plaintiff already has prepared the Supplemental Memorandum, attached as Exhibit A, and is prepared to file it immediately upon receiving leave from the Court, so there will be no additional delay if leave is granted.

With respect to page limits, Plaintiff's original Motion for Preliminary Injunction was ten (10) pages. The Supplemental Memorandum is fifteen (15) pages. Thus, both documents combined will not exceed the court's page limit of a total of twenty-five (25) pages for a single motion.

Accordingly, Plaintiff's unopposed motion to continue the hearing date and for leave

to file a Supplemental Memorandum is being brought in good faith and is not being filed for a dilatory purpose.

There will be no injury or prejudice to Defendants if this motion is granted. Indeed, Plaintiff's counsel has discussed this Motion with counsel for Defendants, who have indicated that (a) Defendants do not oppose Plaintiff's request for a continuance of the hearing and, (b) while Defendants do not believe a Supplemental Memorandum is warranted, they do not intend to oppose Plaintiff's request for leave to file a 15-page Supplemental Memorandum, provided that it is filed herewith and served 14 days prior to the new hearing date (i.e., by October 30, 2012), that the deadline for Defendants to file a combined opposition to Plaintiff's initial memorandum and his Supplemental Memorandum be extended by five days until November 7, 2012, and that Defendants be afforded five extra pages (for a total of 25 pages) in that combined opposition, should it be necessary, to respond to Plaintiff's two briefs, all of which is agreeable to Plaintiff. Finally, Defendants also have requested an extension of time to answer or otherwise respond to Plaintiff's Complaint, through and including November 30, 2012. Plaintiff is agreeable to that request as well. Accordingly, Plaintiff hereby requests that each of these requests be granted, along with Plaintiff's request for leave to file a Supplemental Memorandum, and to continue the motion hearing to November 13, 2012.

As reflected above, pursuant to Local Rule 3.01(g), counsel for Plaintiff hereby certifies that they have conferred in good faith with counsel for Defendants regarding the relief requested herein.

1142081.1

6

Respectfully Submitted,

DATED: October 30, 2012

/s/ Kenneth G. Turkel
Kenneth G. Turkel, Esq.
kturkel@bajocuva.com
Florida Bar No. 867233
Christina K. Ramirez
cramirez@bajocuva.com
Florida Bar No. 0954497
BAJO, CUVA, COHEN, & TURKEL, P.A.
100 N. Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 443-2199
Facsimile: (813) 443-2193

DATED: October 30, 2012

/s/ Charles J. Harder
Charles Harder, Esq.
California Bar No.
*Pro Hac Vice application pending*
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, Ca 90064-1582
T: (310) 478-4100
F: (310) 479-1422
charder@wrslawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all persons registered to receive notice via the CM/ECF system. I further

1142081.1                              7

certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

/s/ *Kenneth G. Turkel*
Attorney
