UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TERRY GENE BOLLEA professionally known as HULK HOGAN,<br><br>      Plaintiff,<br><br>      v.<br><br>GAWKER MEDIA, LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT, BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT aka GAWKER MEDIA; and DOES 1 through 20, inclusive,<br><br>      Defendants. | Case No. 8:12-cv-2348-T-27TBM |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE RELIEF SOUGHT

Plaintiff Terry Gene Bollea ("Plaintiff" or "Bollea"), professionally known as "Hulk Hogan," sues defendants Gawker Media, LLC aka Gawker Media, Gawker Media Group, Inc. aka Gawker Media, Gawker Entertainment, LLC, Gawker Technology, LLC, Gawker Sales, LLC, Nick Denton, A.J. Daulerio, Kate Bennert, Blogwire Hungary Szellemi Alkotast Hasznosito KFT aka Gawker Media and DOES 1 through 20, inclusive, (collectively, "Defendants") and alleges as follows:

1

{BC00024337:1}

## NATURE OF THIS ACTION

1.      Defendants have engaged in intentional, outrageous, irresponsible and despicable conduct by posting to the Internet on or about October 4, 2012, excerpts (herein the "Video Excerpts") of a secretly-taped video depicting Plaintiff engaged in private consensual sexual relations with a woman in a private bedroom (the "Video"), accompanied by a graphic narrative that describes the actions in the Video in lurid detail (the "Narrative"). Defendants posted the Video Excerpts and Narrative at their website www.Gawker.com (the "Gawker Site").  Defendants posted the Video Excerpts and Narrative for the public to view, for the purpose of obtaining tremendous financial benefit for themselves, including without limitation (a) the sale of advertisements at the Gawker Site to viewers of the webpage with a link to the Video Excerpts and Narrative, and (b) attracting new viewers to the Gawker Site for the long-term financial benefit of Defendants and all of their affiliated websites, and additional revenues from the substantial new viewers brought thereto by the Video Excerpts and Narrative.

2.      Plaintiff had no knowledge that the intimate activity depicted in the Video was being recorded.  To the contrary, Plaintiff believed that such activity was completely private, and Plaintiff had a reasonable expectation of his privacy in his intimate activities and reasonably believed that his privacy was safe and protected.

3.      Defendants' posting of the Video Excerpts and Narrative at the Gawker Site constitutes a shameful and outrageous invasion of Plaintiff's right of privacy by a group of loathsome Defendants who have no regard for human dignity and care only about maximizing their revenues and profits at the expense of all others.

2

4.     This lawsuit was necessitated by Defendants' blatant violation of Plaintiff's right of privacy; their wrongful disclosure of the private acts depicted in the Video; their unauthorized commercial exploitation of Plaintiff's name, image, identity and persona; their refusal to remove the Video Excerpts and Narrative when Plaintiff repeatedly requested and demanded its removal from the Gawker Site; and other calculated wrongful and tortious conduct as described herein.

5.     Defendants' malicious conduct violates Plaintiff's constitutional and common law privacy rights, and exceeds all bounds of human decency.  Defendants' gross and egregious intrusion into Plaintiff's privacy must be stopped, and must be punished to the maximum extent of the law.

## PLAINTIFF

6.     Plaintiff Terry Gene Bollea is a resident and citizen of the State of Florida, who lives in Pinellas County.

7.     Plaintiff is a professional wrestler, motion picture actor, and television personality who has enjoyed mainstream popularity as the character "Hulk Hogan."  Plaintiff is a twelve-time world wrestling champion.

## DEFENDANTS

8.     At all relevant times, defendant Gawker Media, LLC aka Gawker Media, was and is a limited liability company organized and operating under the laws of the State of Delaware, with its principal place of business in New York.  On information and belief, no member of Gawker Media, LLC aka Gawker Media is a resident of the State of Florida.

{BC00024337:1}

9.      At all relevant times, defendant Gawker Media Group, Inc. aka Gawker Media, was and is a Cayman Islands corporation.  Thus, Defendant, Gawker Media Group, Inc. aka Gawker Media is a citizen of the Cayman Islands, pursuant to 28 U.S.C. 1332(c).

10.     At all relevant times, defendant Gawker Entertainment, LLC, was and is a New York limited liability company.  Thus, defendant Gawker Entertainment, LLC was and is a citizen of New York, pursuant to 28 U.S.C. 1332(c).  On information and belief, no member of Gawker Entertainment, LLC is a resident of the State of Florida.

11.     At all relevant times, defendant Gawker Technology, LLC was an is a New York limited liability company.  Thus, defendant Gawker Technology, LLC was and is a citizen of New York, pursuant to 28 U.S.C. 1332(c).  On information and belief, no member of Gawker Technology, LLC is a resident of the State of Florida.

12.     At all relevant times, defendant Gawker Sales, LLC was an is a New York limited liability company.  Thus, defendant Gawker Sales, LLC was and is a citizen of New York, pursuant to 28 U.S.C. 1332(c).  On information and belief, no member of Gawker Sales, LLC is a resident of the State of Florida.

13.     Defendants Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Technology, LLC, and Gawker Sales, LLC were and are all under the control of defendant Gawker Media Group, Inc. based in the Cayman Islands.

14.     At all relevant times, defendant Blogwire Hungary Szellemi Alkotast Hasznosito KFT aka Gawker Media ("Blogwire Hungary") was an is a Hungarian off-shore company.  Thus, defendant Blogwire Hungary is a citizen of Hungary, pursuant to 28 U.S.C. 1332(c).

4

15.     Defendant Blogwire Hungary owns the Internet domain name GAWKER.COM.

16.     Defendants Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Technology, LLC, Gawker Sales, LLC, Gawker Media Group, Inc., and Blogwire Hungary are collectively referred to herein as "Gawker Media".

17.     Gawker Media owns, operates, controls and publishes several Internet websites, including the Gawker Site, which disseminate information worldwide via the Internet.

18.     At all relevant times, defendant Nick Denton ("Denton") was and is a citizen of Hungary and the United Kingdom, and is a resident and domiciliary of the State of New York.  Defendant Denton is the founder of Gawker Media and currently owns all of , or a controlling or substantial interest in, Gawker Media.

19.     At all relevant times, defendant A.J. Daulerio ("Daulerio") was and is a citizen, resident and domiciliary of the State of New York.  Defendant Daulerio is employed by Gawker Media as an editor and/or writer.

20.     Plaintiff is informed and believes that defendant Kate Bennert ("Bennert") is a citizen, resident and domiciliary of the State of New York and is employed by Gawker Media.

21.     Plaintiff is informed and believes and based thereon alleges that the fictitiously-named defendants sued herein as Does 1 through 20, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein.  The true names and capacities of such fictitiously-named

defendants, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this First Amended Complaint to assert the true names and capacities of such fictitiously-named defendants when the same have been ascertained. For convenience, each reference to a named defendant herein shall also refer to Does 1 through 20. All defendants, including both the named defendants and those referred to herein as Does 1 through 20, are sometimes collectively referred to herein as "Defendants."

22.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff further is informed and believes and based thereon alleges that the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C §§ 1331 and 1338(a) and 17 U.S.C. §§ 101, et seq., because it arises as a result of allegations of violations of the U.S. Copyright Act. The U.S. District Court has exclusive jurisdiction over claims of copyright infringement pursuant to 28 U.S.C § 1338(a).

24.     This is a diversity action brought pursuant to 28 U.S.C. § 1332 for invasion of privacy, intentional and negligent infliction of emotional distress, and violation of right of

{BC00024337:1}

publicity, among other claims.  This Court has jurisdiction over these claims pursuant to 28

U.S.C. § 1332.  The amount in controversy in this action exceeds $75,000 and there is

complete diversity as between Plaintiff and all Defendants.

25.     Venue lies in the Middle District of Florida pursuant to 28 U.S.C. §

1391(b)(2) because Plaintiff resides within the Middle District of Florida within the meaning

of that provision.

26.     Defendants are subject to personal jurisdiction and service of process under

Florida law as follows:

a.     Pursuant to Florida Statute 48.193(1)(a), by operating, conducting,

engaging in, or carrying on a business or business venture in the State of Florida and

Plaintiff's causes of action set forth below arise from this activity;

b.     Pursuant to Florida Statute 48.193(1)(b), Defendants committed

tortious acts within the State of Florida and within this judicial district by, among other

things, their invasion of Plaintiff's privacy, public disclosure of private facts, violation of

Plaintiff's right of publicity, infringement of Plaintiff's copyrights, and intentional and

negligent infliction of emotional distress upon Plaintiff, as more fully described herein.

Plaintiff's causes of action set forth below arise from these tortious acts.

## FACTS GIVING RISE TO THE CLAIMS

27.     On or about October 4, 2012, the Gawker Site published a story entitled

"Even For a Minute, Watching Hulk Hogan Have Sex on a Canopy Bed is Not Safe For

Work, But Watch It Anyway" (the "Gawker Story").  The Gawker Story featured a link to

the Video Excerpts depicting Plaintiff having private consensual sexual relations with an

7

anonymous woman in a private bedroom and the Narrative graphically describing the actions

taking place in the Video in lurid detail.  (The "Gawker Story" collectively refers to the

Video Excerpts and the Narrative.)  The Video was taken approximately six years ago and

was recorded without Plaintiff's knowledge or consent.  Defendant Bennert edited the Video

into the Video Excerpts without Plaintiff's knowledge or consent.  The Gawker Story

(including the Narrative) was written and/or edited by defendant Daulerio.  Plaintiff made

numerous and repeated demands to Gawker Media, and also directly to defendant Denton, to

remove the Video Excerpts from the Gawker Site.  However, Defendants failed and refused

to do so.

28.     At no time prior to, during, or after the consensual sexual encounter between

Plaintiff and the woman depicted in the Video did Plaintiff ever authorize or consent to any

person or entity recording the private, intimate acts depicted in the Video, or the storage of

the Video, or the editing of the Video, the dissemination, publishing or exploitation of the

Video in any way or manner whatsoever, or the creation of the Narrative or other work based

on the Video.  On the contrary, Plaintiff finds the creation and publishing of the Video

Excerpts and Narrative by Defendants to be outrageous and egregious.  The Video,  Video

Excerpts and Narrative have never been authorized by Plaintiff for any purpose whatsoever,

including any form of disclosure to the public whatsoever.

29.     Numerous media outlets and websites have picked up on the Gawker Story

and feature links to it, thus exposing hundreds of millions of people to the Video Excerpts

and Narrative.  As a natural and foreseeable consequence, massive numbers of individuals

were drawn to the Gawker Site, for which Defendants have reaped tremendous revenues and

{BC00024337:1}

profits, and have been unjustly enriched therefrom, based on both on the short term web

traffic of millions of people have viewed the Gawker Story and advertisements displayed

thereat, and the long term increase in viewership to the Gawker Site and Defendants' other

affiliated sites, and the revenues and profits associated therewith for a prolonged period of

time.  Such tremendous benefits are a direct result of the tremendous fame and goodwill of

Plaintiff, and the public's interest in his life and activities.

30.     Plaintiff has devoted a tremendous amount of his time and effort to

developing his career as a professional champion wrestler, motion picture actor, and

television personality, and to developing his universal goodwill, reputation and brand.  Such

efforts have created considerable commercial value in his name, image, identity and persona.

31.     The commercial value of Plaintiff's name, image, identity and persona is

diminished by the unauthorized posting, publishing, distribution and dissemination of the

Video Excerpts and Narrative, which is perceived unfavorably by the public and by the

negative portrayal of Plaintiff in the Video Excerpts and Narrative to the general public.

32.     Defendants' conduct  manifests a depraved disregard for Plaintiff's privacy

rights and an unauthorized commercial exploitation of his publicity rights.

33.     Plaintiff is informed and believes and alleges thereon that unless enjoined and

restrained, Defendants will continue to post, publish, distribute, disseminate and exploit the

Video, Video Excerpts and Narrative, despite Plaintiff's numerous and repeated demands

that Defendants cease and desist, and Defendants' clear violation of Plaintiff's rights.  Such

infringement and violation of Plaintiff's rights will continue to cause Plaintiff severe distress

and damage, for which there is no adequate remedy at law, if the Video, Video Excerpts

{BC00024337:1}

and/or Narrative continue to be posted, published, distributed, disseminated and exploited by the Defendants.  Such conduct and activity has caused and will continue to cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION

**(Invasion of Privacy by Intrusion Upon Seclusion Against All Defendants)**

34.      Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 33 inclusive as though fully set forth herein.

35.      Defendants, without Plaintiff's consent and against Plaintiff's will, have grossly invaded Plaintiff's protected rights of privacy as recognized under the United States Constitution, Florida Constitution, and applicable common law, by posting and publicly disclosing the Video Excerpts depicting Plaintiff engaged in private intimate consensual sexual relations with a woman in a private bedroom and by describing, in graphic, lurid detail, the content of the Video in the Narrative.

36.      Defendants' posting, publishing, distributing, disseminating and exploiting of Plaintiff engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes, but rather to reap substantial revenues and profits and the expense of Plaintiff and others.  Plaintiff had a reasonable expectation of privacy in having private consensual sexual relations with a woman in a private bedroom, and had no knowledge of, and did not consent to, the recording of such private sexual activity.

37.      The unauthorized publication by Defendants of the Video, Video Excerpts and Narrative is offensive and objectionable to Plaintiff, and would be offensive and objectionable any reasonable person of ordinary sensibilities, and is not of legitimate public

{BC00024337:1}

concern.  Plaintiff did not consent to any use, distribution or exploitation by Defendants, or any other persons or entities, of the Video, Video Excerpts or any portions or content thereof, whatsoever, or to the creation, distribution and exploitation of the Narrative.

38.     Defendants knew or should have known that the Video and Video Excerpts contained private and confidential information and content, and that Plaintiff had a reasonable expectation of privacy in the sexual activities depicted therein, and that Defendants' conduct would reveal private and personal things about Plaintiff which Defendants had no right to disseminate, disclose or exploit, and that the publication of these private facts would constitute a clear and egregious violation of Plaintiff's right of privacy.

39.     Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, dissemination, and exploitation of the Video, Video Excerpts and Narrative in an unprivileged manner calculated to financially capitalize therefrom, to garner publicity throughout the world, and to unjustly enrich Defendants in conscious disregard of Plaintiff's right of privacy.

40.     Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right of privacy.

41.     Defendants have continued their invasion of Plaintiff's right of privacy by continuing to disseminate and post the Gawker Story.  Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff to continue to incur severe and irreparable injury that cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a temporary restraining order

{BC00024337:1}

and preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video, Video Excerpts, and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

42.     As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame and severe emotional distress.  As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof and believed to be at least One Hundred Million Dollars ($100,000,000.00).

43.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## SECOND CAUSE OF ACTION

### (Publication of Private Facts as Against All Defendants)

44.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 33, inclusive as though fully set forth herein.

45.     Defendants disclosed to the public the contents of the confidential Video depicting Plaintiff engaged in private consensual sexual relations with a woman in a private bedroom.  Defendants knew, or should have known, that the Video contained private and confidential information, and that Plaintiff had a reasonable expectation of privacy in

12

engaging in the sexual relations with a woman in a private bedroom, and that the Video, taken without Plaintiff's knowledge or consent, would reveal private and personal things about Plaintiff which Defendants had no right to disseminate, disclose or exploit, and that the publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities.

46.    Defendants' posting, publishing, distributing, disseminating and exploiting of Plaintiff engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes.  Plaintiff had a reasonable expectation of privacy in having private consensual sexual relations with a woman in a private bedroom, and had no knowledge of, and did not consent to, the recording of such private sexual activity.

47.    The unauthorized publication by Defendants of the Video, Video Excerpts, Narrative and/or any portions or content thereof, is offensive and objectionable to Plaintiff, as well as to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.  Plaintiff did not consent to any use, distribution or exploitation by Defendants, or any other persons or entities, of the Video, Video Excerpts, Narrative or any portions or content thereof, whatsoever.

48.    Defendants knew or should have known that the Video, Video Excerpts, Narrative and/or any portions or content thereof, contained private and confidential information, and that Plaintiff had a reasonable expectation of privacy in the sexual activities depicted therein, and that Defendants' conduct would reveal private and personal things about Plaintiff which Defendants had no right to disseminate, disclose or exploit, and that the

{BC00024337:1}

publication of these private facts would constitute a clear and egregious violation of Plaintiff's right of privacy.

49.     Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, dissemination, exploitation of the Video, Video Excerpts, Narrative and/or any portions or content thereof, in an unprivileged manner calculated to financial capitalize therefrom and garner publicity throughout the world, to unjustly enrich Defendants and in conscious disregard of Plaintiff's right of privacy.

50.     Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard for Plaintiff's right of privacy.

51.     Defendants have continued to invade Plaintiff's right of privacy by continuing to disseminate and post the Gawker Story.  Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff to continue to incur severe and irreparable injury that cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video, Video Excerpts, and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

52.     As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount subject to proof, but believed to be at least One Hundred Million Dollars ($100,000,000.00).

53.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## THIRD CAUSE OF ACTION

**(Violation of Florida Common Law Right of Publicity Against All Defendants)**

54.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 33, inclusive as though fully set forth herein.

55.     Plaintiff is a professional wrestler, motion picture actor, and television personality who has enjoyed mainstream popularity as the character "Hulk Hogan."  Plaintiff is a twelve time world wrestling champion.  Plaintiff has devoted a tremendous amount of time and effort developing his career and developing his universal goodwill, reputation and brand.  Such efforts have created considerable commercial value in his name, image, identity and persona.

56.     Defendants' unauthorized use of Plaintiff's name, image, identity and persona in connection with the Gawker Story constitutes a violation and misappropriation of Plaintiff's right of publicity in that Defendants misappropriated Plaintiff's name, likeness, image, identity and persona by using the Video Excerpts and Narrative for the purpose of commercial gain, without Plaintiff's consent.

15

57.     The misappropriation of Plaintiff's publicity rights was for Defendants' advantage in that Plaintiff's name, likeness, image, identity and persona were used and intended to create and enhance Defendants' pecuniary gain and profit.

58.     Defendants have continued to use Plaintiff's publicity rights continuing to disseminate the Video Excerpts and Narrative at the Gawker Site, notwithstanding Plaintiff's numerous and repeated requests to Gawker Media and defendant Denton that they cease and desist immediately and permanently.  Unless and until enjoined and restrained by Order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot be adequately compensated by monetary damages.  Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the publication, distribution, dissemination and use of the Video, Video Excerpts, and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

59.     As a direct and proximate result of the aforementioned acts by Defendants, Defendants have earned profits attributable to this unauthorized commercial use and exploitation of Plaintiff's name, image and likeness.  The amount of such ill-gotten gains had yet to be ascertained.  Plaintiff is entitled to recover all said unjust enrichment, including all profits earned by Defendants as a result of Defendants' unauthorized commercial exploitation as herein alleged.

60.     Moreover, Plaintiff is entitled to seek and hereby does seek the market value of the use of his publicity rights in the manner in which they were commercially exploited, without Plaintiff's permission and against his strenuous objections and legal demands.

{BC00024337:1}

61.    As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount subject to proof, but believed to be at least One Hundred Million Dollars ($100,000,000.00).

62.    Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

63.    Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 33, inclusive as though fully set forth herein.

64.    At all times herein, Defendants acted intentionally and unreasonably in publishing, distributing and disseminating the Gawker Story when they knew or should have known that emotional distress would likely result.  Notwithstanding Plaintiff's repeated requests that Defendants cease and desist immediately from their posting and publishing of the Gawker Story, Defendants failed and refused to do so.  As such, in doing the acts alleged hereinabove, Defendants acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon Plaintiff, to his detriment.

{BC00024337:1}

65.     Defendants' conduct was intentional and malicious and done for the purpose of causing, or was known by Defendants to likely cause, Plaintiff humiliation, mental anguish and severe emotional distress and was done with the wanton and reckless disregard of the consequences to Plaintiff.

66.     As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered severe emotional distress, anxiety and worry.

67.     Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's rights.

68.     Defendants are continuing their intentional infliction of emotional distress upon Plaintiff.  Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff to continue to incur severe and irreparable injury that cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video, Video Excerpts, and all portions and content therefrom, including without limitation still images thereof, and the Narrative.

As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount subject to proof, but believed to be in not less than One Hundred Million Dollars ($100,000,000.00).

69.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of

Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## FIFTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress Against All Defendants)

70.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 33, inclusive as though fully set forth herein.

71.     At all times herein, Defendants acted negligently and unreasonably in publishing, distributing and disseminating the Gawker Story.  Notwithstanding Plaintiff's repeated requests that Defendants cease and desist immediately from their posting and publishing of the Gawker Story, Defendants failed and refused to do so.  As such, in doing the acts alleged hereinabove, Defendants acted outrageously and beyond all reasonable bounds of decency, and inflicted emotional distress upon Plaintiff, to his detriment.

72.     Defendants' conduct caused Plaintiff humiliation, mental anguish and emotional distress and was done without regard for the consequences to Plaintiff.

73.     As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered severe emotional distress, anxiety and worry.

74.     Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's rights.

75.     Defendants are continuing their infliction of emotional distress upon Plaintiff. Unless and until enjoined and restrained by order of this Court, Defendants' continued acts

{BC00024337:1}

will cause Plaintiff to continue to incur severe and irreparable injury that cannot adequately

be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a

temporary restraining order and preliminary and permanent injunctive relief enjoining the

distribution, dissemination and use of the Video, Video Excerpts, and all portions and content

therefrom, including without limitation still images thereof, and the Narrative.

76.     As a direct and proximate result of the aforementioned acts by Defendants,

Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation,

shame, and severe emotional distress.

## SIXTH CAUSE OF ACTION

### (Copyright Infringment Against All Defendants)

77.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation

contained in Paragraphs 1 through 33, inclusive as though fully set forth herein.

78.     Plaintiff is the owner of the copyrights in and to the Video.  The Video is an

original work of authorship that may be copyrighted under United States law.  Plaintiff has

complied with requirements of Title 17 of the United States Code with respect to the

registration of the copyright in and to the Video, thereby entitling Plaintiff to assert his rights

and privileges in and to the Video.

79.     Without Plaintiff's permission, authorization or consent, Defendants have

copied, displayed, distributed, and reproduced the Video, the Video Excerpts, and portions or

content thereof, including without limitation still images of the Video, within the Gawker

Story and the Gawker Website.

{BC00024337:1}

80.     Plaintiff is informed and believes and based thereon alleges that Defendants did not have permission to use the Video or any portion or content thereof, including without limitation the Video Excerpts and still images of the Video, for any purpose, including Defendants' commercial use thereof and creation and publication of the Narrative and Gawker Story.

81.     Plaintiff is informed and believes and based thereon alleges that Defendants knew that they obtained the Video from a third party without any rights or authorization to distribute or exploit the Video, and Defendants knowingly did not obtain any authorization from any alleged owner of the copyrights in and to the Video before publishing and exploiting the Video and Video Excerpts, and portion of content thereof, and before creating, publishing and exploiting the Narrative and Gawker Story.

82.     Plaintiff is informed and believes and based thereon alleges that Defendants knew that their actions constituted copyright infringement.  Such activities and conduct have caused Plaintiff injury, for which he is entitled to recover under 17 U.S.C. § 504.

83.     Defendants have also created derivative works from the Video, including without limitation, by creating and distributing the Video Excerpts, still images of the Video, the Narrative and the Gawker Story.  Defendants' acts are in violation of the exclusive rights of the copyright holder, *to wit*, Plaintiff, to reproduce, distribute, display, and create derivative works from the Video, as articulated in 17 U.S.C. § 106.

84.     Defendants' conduct was willful within the meaning of the Copyright Act. Based thereon, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

21

85.     Plaintiff is entitled to recover his attorneys' fees and costs of suit pursuant to
17 U.S.C. § 505.

86.     Defendants are continuing to violate Plaintiff's copyrights.  Unless and until
enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff
to continue to incur severe and irreparable injury which cannot adequately be compensated
by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a temporary
restraining order and preliminary and permanent injunctive relief enjoining the distribution,
dissemination and use of the Video, Video Excerpts, and all portions and content therefrom,
including without limitation still images thereof, and the Narrative, pursuant to 17 U.S.C. §
502.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Terry Gene Bollea prays for judgment against defendants
Gawker Media, LLC aka Gawker Media; Gawker Media Group, Inc. aka Gawker Media;
Gawker Entertainment, LLC; Gawker Technology, LLC; Gawker Sales, LLC; Nick Denton;
A.J. Daulerio; Kate Bennert, Blogwire Hungary Szellemi Alkotast Hasznosito KFT aka
Gawker Media and DOES 1 through 20, inclusive, and each of them, jointly and severally, as
follows:

## AS TO THE FIRST THROUGH FOURTH CAUSES OF ACTION

1.     For an award of general and special damages in an amount not less than One
Hundred Million Dollars ($100,000,000.00), together with interest thereon at the maximum
legal rate;

22

2.      For exemplary and punitive damages in an amount appropriate to punish and set an example of Defendants, and to deter such conduct in the future, the exact amount of such damages is subject to proof at trial;

**AS TO THE FIFTH CAUSE OF ACTION**

3.      For an award of general and special damages in an amount not less than One Hundred Million Dollars ($100,000,000.00), together with interest thereon at the maximum legal rate;

**AS TO THE SIXTH CAUSE OF ACTION**

4.      For an award of damages pursuant to 17 U.S.C. § 504.

5.      For an enhancement of Plaintiff's statutory damages in accordance with 17 U.S.C. § 504(c)(2).

6.      For an award of Plaintiff's attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**AS TO ALL CAUSES OF ACTION**

7.      For a preliminary and permanent injunction against Defendants, and all persons acting on their behalf or under their control, from any and all activity that would cause or have the effect of distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video or any portions or content thereof or any copies thereof, including without limitation the Video Excerpts and Narrative, in any and all formats and media, including all electronic and physical media;

{BC00024337:1}

8.     For a Judgment and Order transferring to Plaintiff any and all of Defendants'
right, title and interest in and to the Video, and all portions and content thereof, including
without limitation the Video Excerpts and Narrative;

9.     For a Judgment and Order requiring the delivery to Plaintiff all copies of the
Video, and all portions and content thereof, including without limitation the Video Excerpts
and Narrative, in all formats and all forms of media, including electronic and physical media,
within Defendants' possession, custody or control, including without limitation turning over
to Plaintiff any and all storage devices (such as CDs, DVDs, hard drives, flash drives, tapes,
and disks) containing same;

10.     For a Judgment and Order requiring Defendants to turn over to Plaintiff all
information pertaining to the Video and Video Excerpts and Narrative, including without
limitation, all activity by all persons and entities related to the creation, storage,
transportation, editing, distributing, disseminating, publishing, displaying, posting for view
or access on or through the Internet or any other manner or media outlet, broadcasting,
transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or
attempting to exploit, the Video or any portions or content thereof or any copies thereof,
including without limitation the Video Excerpts and Narrative, in any and all formats and
media, including all electronic and physical media.

11.     For a constructive trust to be placed upon Defendants and all persons acting
on their behalf or under their direction or control, as to all revenues and profits received by
any such individuals, including Defendants, to be held for the benefit of Plaintiff, and to be
disgorged in their entirely to Plaintiff.

{BC00024337:1}

12.     For such other and further relief as to this court may deem and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. Rule 38 and the Seventh Amendment to the United States

Constitution, plaintiff Terry Gene Bollea hereby demands a trial by jury on all issues so

triable.

Respectfully Submitted,

DATED: November 8, 2012

_____/s/ Kenneth G. Turkel_____
Kenneth G. Turkel, Esq.
Florida Bar No. 867233
kturkel@bajocuva.com
Christina K. Ramirez
Florida Bar No. 0954497
cramirez@bajocuva.com
**BAJO CUVA COHEN & TURKEL, P.A.**
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Telephone:  (813) 443-2199
Facsimile:  (813) 443-2193
Attorneys for Plaintiff

DATED: November 8, 2012

_____/s/ Charles J. Harder_____
Charles J. Harder, Esq.
California Bar No. 184593 (Admitted *Pro hac vice*)
charder@wrslawyers.com
**WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP**
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, CA  90064-1582
Telephone:  (310) 478-4100
Facsimile:  (310) 479-1422
Attorneys for Plaintiff

{BC00024337:1}