UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRY GENE BOLLEA, professionally known as HULK HOGAN,**

    **Plaintiff,**

vs.                                              Case No. 8:12-cv-02348-T-27TBM

**GAWKER MEDIA, LLC,** *et al.,*

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Preliminary Injunction Pending Appeal (Dkt. 54) filed by Plaintiff Terry Gene Bollea ("**Bollea**"), in which he seeks an Injunction Pending Appeal requiring Defendants to remove "the excerpts from the Hulk Hogan sex tape that were posted on the www.Gawker.com website on or about October 4, 2012 and the written narrative describing in vivid detail the sex acts portrayed in the sex tape, and enjoining Defendants from posting, publishing or releasing any portions or content of the sex tape to the public until the Eleventh Circuit Rules on Plaintiff's appeal of the Court's November 14, 2012 Order denying his motion for preliminary injunction." (Dkt. 5, p. 1). In support of the motion, Plaintiff essentially reargues the same legal and factual issues raised in support of his motion for preliminary injunction. Upon consideration, Plaintiff's Motion for Preliminary Injunction Pending Appeal (Dkt. 54) is due to be denied. *See Lands Council v. Packard*, 391 F.Supp.2d 869, 871 (D. Idaho 2005) (denying motion for injunction pending appeal when appellants essentially restated arguments that court had already considered and rejected).

The "extraordinary remedy" of an injunction pending appeal is warranted only if the moving party can show: "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the [movant] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (*en banc*). "Failure to show any of the four factors is fatal and the most common failure is not showing a substantial likelihood of success on the merits." *Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade County Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

For the reasons discussed in this Court's November 14, 2012 Order (Dkt.47) denying Plaintiff's Motion for Preliminary Injunction, Plaintiff has also failed to demonstrate any of the four factors warranting the "extraordinary remedy" of a preliminary injunction pending appeal.[1] Accordingly, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction Pending Appeal (Dkt. 54) is **DENIED**.

**DONE AND ORDERED** this 3rd day of December, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] In this case, Plaintiff is seeking not only the "extraordinary remedy" of a preliminary injunction pending appeal, but also the "most extraordinary remed[y]" of an injunction restricting speech pending final resolution of constitutional concerns. *See CBS, Inc. v. Davis*, 510 U.S. 1315, 1317 (1994) (Blackmun, J., in chambers) (the Supreme Court has "imposed this 'most extraordinary remed[y]' only where the evil that would result from the reportage is both great and certain and cannot be mitigated by less intrusive measures") (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1975)).

2